NELS E. RAMGREN v. PHILIP McDERMOTT and Others.

July 15, 1898.

Nos. 11,180—(238).

Flooding Land—Verdict not Sustained by Evidence.
     *Held*, that the evidence herein does not sustain the verdict.

Action in the district court for Kanabec county to recover $500 damages for the flooding of plaintiff's land. The cause was tried before Williston, J., and a jury, which returned a verdict of $97.50 in favor of plaintiff. From an order, Crosby, J., denying defendants' alternative motion for a new trial or for judgment notwithstanding the verdict, defendants appealed. Reversed.

 *Clapp & Macartney*, for appellants.

 *Henry J. Gjertsen*, for respondent.

START, C. J.

The plaintiff is, and since 1882 has been, the owner of the land described in the complaint herein, through which flows a stream known as the "Ground House" river, which is navigable for logs. The defendants, and those under whom they claim, have since 1871 maintained a dam across the stream at a point above the plaintiff's land, for the purpose of aiding in driving logs down the stream. The plaintiff claims that his land was flooded and injured each year, from 1891 to and including 1896, by the defendants wrongfully and unlawfully producing an unnatural flow of water in the stream by opening the gates of the dam for the purpose of driving their logs. This action was brought to recover damages for such injuries. The answer denied the allegations of the complaint, and, as an affirmative defense, alleged a prescriptive right to maintain and operate the dam and thereby flood the plaintiff's land.

The trial court instructed the jury to the effect that the defendants, and those under whom they claim, had the right to erect and maintain the dam in question, and use the waters which might be held therein in such manner as should be reasonably necessary to effect the driving of logs down the river, and that the plaintiff could not recover in this case unless the defendants so carelessly or negligently performed the work connected with the driving of the logs as unnecessarily to damage his property, but if they were thus negligent he could recover. Neither party excepted to this instruction. The court further instructed the jury as to the defendants' claim of prescriptive right, and submitted to the jury special questions touching the same, and also as to whether the defendants unnecessarily and negligently injured the plaintiff's land in operating the dam and driving the logs. The jury answered the special questions in favor of the plaintiff, and returned a general verdict for him, assessing his damages at the sum of $97.50. The defendants appealed from an order denying their alternative motion for judgment notwithstanding the verdict or for a new trial.

The first claim here made by defendants is that the finding of the jury to the effect that the defendants operated the dam and drove the logs so negligently as unnecessarily to injure the plaintiff's land is not sustained by the evidence. If this claim is correct,

the general verdict is not supported by the evidence. The evidence shows that the dam was rebuilt in 1871, and that in 1888 the dam and gates were raised some six feet, but the gates were diminished in width about eight feet. The plaintiff testified that after the dam was raised there was more water in the stream when the logs were being driven than before, and that his land was not injured by the driving of the logs prior to 1888, but was each season thereafter.

The undisputed testimony is to the effect that the dam was necessary in order to drive the logs. And the evidence on the part of defendants tends strongly to show that no more water was let out of the dam than was necessary to float the logs; that the dam, after it was raised in 1888, would not let out any more water than before, but by raising the dam the defendants were enabled to drive for a longer time and send down more logs than before, and that it was not feasible to drive the logs without overflowing the plaintiff's land; and that the defendants were not negligent in the premises. The record is silent as to whether the land of the plaintiff which was injured is above or below high-water mark. The sole evidence relied upon by the plaintiff to establish affirmatively the proposition that the defendants, in operating the dam and driving the logs, negligently and unnecessarily injured his land, is the fact that it was not injured before the raising of the dam in 1888, but was every year thereafter; hence the injuries must have been due to the negligence of the defendants.

Negligence will not be presumed. There was no evidence in the case tending to negative any other cause for the injury to plaintiff's premises, except the defendants' negligence. On the contrary, the fact that the raising of the dam enabled the defendants to drive more logs for a longer time may have occasioned the injuries complained of. Upon a consideration of the whole evidence on this question, we are of the opinion that it was not sufficient to sustain the verdict.

It is not necessary for us to make any suggestions as to the evidence on the question of the defendants' prescriptive right to flow plaintiff's premises, as the evidence may be different on another trial.

This is not a case where judgment absolute should be awarded to defendants, but a new trial must be granted, for the reasons we have indicated.

As the case was set down for oral argument contrary to the rule, appellants are not entitled to statutory costs. So ordered.